## Caleb S. Green

*v.*

## Emily A. Blackwell and others.

1. A trustee is at liberty to apply to this court for his release from the trust, on the sole ground of unwillingness to act further therein.

2. The fact that he is one of two trustees, and that the deed of trust provides that, in case of the death of one, the survivor shall nominate, and, with the consent and approbation of the parties to the settlement or the survivors or survivor of them, appoint a new trustee in the place of the one who has died, will not induce the court to refuse the release. The court will supply the place of the trustee released.

3. That a very large and unexpected addition to the trust estate has been made, is, in itself, a good reason for releasing an unwilling trustee.

———

Bill for relief. On bill and answer, on final hearing.

*Mr. B. Gummere,* for complainant.

*Mr. J. Wilson,* for Mrs. Blackwell.

*Mr. F. Kingman,* for infant defendant.

The Chancellor.

The complainant is one of the two trustees under the marriage settlement of Mrs. Blackwell. He applies, by his bill, to be discharged from that trust on his accounting (due allowance to be made to him for his disbursements and commissions) and paying and delivering over the money and securities of the trust estate which shall be found to be in his hands. The *corpus* of the trust estate under the marriage settlement (which was made in 1863) was $20,000. That estate the complainant took into his hands and has managed up to this time. By the will of the settlor, Henry W. Green, who died in 1876, a very large addition was made to the trust estate. The complainant, under the

circumstances and in view of that addition, declines to act further as trustee thereof. He has not assumed, but has renounced, the trusts under the will. The defendants oppose his discharge, insisting that he shows no sufficient reason therefor. But he is undoubtedly at liberty to apply to this court for his release on the sole ground of unwillingness to act further in the trust. *Perry on Trusts* § *274; Lewin on Trusts 582; Matter of Jones, 4 Sandf. Ch. 614.* And the greatly increased amount of the estate devolved upon the trustee by the will, and which it will be incumbent on him to manage if he continues in the office, is a sufficient ground for relieving him if he desires it. *Greenwood* v. *Wakeford, 1 Beav. 576; Coventry* v. *Coventry, 1 Keen 758.* He undertook, by the marriage settlement, to manage an estate of $20,000. It is not unreasonable in him to decline to continue the management of it, in view of the addition under the will, which was not contemplated in the settlement, by which it is to become ten times greater. Besides, the trust is not in the hands of the complainant alone. His co-trustee remains.

The marriage settlement, indeed, provides that in case of the death of one of the trustees thereunder, before the trust shall be fully executed or otherwise determined, the surviving trustee shall nominate, and, with the consent and approbation of the other parties to the settlement or the survivors or survivor of them, appoint a new trustee in the stead of the one dying, and it is urged that this provision for the exercise of personal judgment and discretion in the successor in the trust, should induce this court to refuse to relieve the complainant. But no difficulty will be experienced on that score, for this court will supply the place of the complainant. *Hill on Trustees 190.* The complainant will be permitted to account, and, in the account, will be allowed all proper disbursements made by him for the estate, and also proper commissions; and he will be required to pay or deliver over the trust estate which will, on the accounting, be found remaining in his hands, and thereupon he will be

discharged. Under the circumstances, he will be entitled to costs. *Greenwood* v. *Wakeford, Coventry* v. *Coventry, ubi supra; Perry on Trusts § 901.*