This is a bill by the Bible Readers' Aid Society of Trenton, New Jersey (hereinafter denominated B.R.A.S.), and the Young Women's Christian Association of Trenton, New Jersey (hereinafter denominated Y.W.C.A.), for a decree discharging the B.R.A.S. from the trusts in that behalf named in the bill assumed and carried on by it, and appointing the Y.W.C.A. as substituted trustee to execute and carry on those trusts.
The attorney-general is a necessary party because the trusts mentioned are public ones for charitable purposes, and the attorney-general, representing the public, is charged with the duty of caring for and protecting the same. The general practice has been for the attorney-general to file the bill either of his own motion or on the relation of some party interested, *Page 418 
but where the interested parties present the bill and make the attorney-general a defendant, the proper parties are before the court, and it is immaterial that the attorney-general is defendant instead of complainant. Lanning v. Commissioners ofPublic Instruction, 63 N.J. Eq. 1 (at p. 8).
The court of chancery has original and inherent jurisdiction over trusts, their establishment, enforcement, protection and preservation. Trusts which are voluntary in their creation — that is, by way of gift, are just as valid and enforceable as trusts created in exchange for consideration. Indeed, the great majority of express trusts come within the former category. So, also, a valid trust may be created, though the donor himself be the trustee. Eaton v. Cook, 25 N.J. Eq. 55 (at p. 58); 39 Cyc.66, 77. The fact that the purposes of the trust are but generally and not definitely set forth, or that the beneficiaries are indefinite in person or number, will not, ordinarily, prevent the trust from being established and enforced, where the trust is a public or charitable one. McKenzie v. Trustees of Presbyteryof Jersey City, 67 N.J. Eq. 652 (at pp. 665, 666.)
In the present case the complainant B.R.A.S. was incorported under the "Act to incorporate benevolent and charitable associations" (P.L. 1875), and continued under the "Act to incorporate associations not for pecuniary profit." P.L. 1898 p.422 § 13. Under the act of 1875 the objects for which the B.R.A.S. was incorporated are inter alia:
"To promote religion by local missions or Sunday schools, and other charitable purposes, as may be provided for in the constitution and by-laws of such incorporation, and to provide such necessary expenses as shall accrue by carrying into effect the objects herein set forth."
And under its by-laws:
"The object of this society is twofold — first, to interest the poor in the Bible by reading it to them and earnestly laboring for their spiritual welfare; second, to improve their temporal condition by teaching them to help themselves, also to look after the interests of the children of this class." *Page 419 
It is obvious, therefore, that the property of the society, which it has acquired by donation or contribution from its members, is held by it in trust for the religious and charitable purposes specified, and that the society is a trustee of a religious and charitable public trust.
That the trust is one, therefore, which may be established, enforced and protected in this court, is, I think, beyond question.
Jurisdiction being had by this court, the powers exercisable under that jurisdiction are extremely broad and comprehensive, and, of course, include the powers of discharge of a trustee and the appointment of a new trustee in substitution. The power of discharge will be exercised when an individual trustee desires discharge because of multiplicity of business or infirmity of age or the like. Lanning v. Commissioners of Public Instruction,supra (at p. 6). Or even where the trustee is merely unwilling to act further. Green v. Blackwell, 31 N.J. Eq. 37. The reason in the present case is analogous to age and infirmity in an individual trustee; the society membership has been reduced to only a few persons, and they of advancing years.
It is the duty of the court, in appointing a new trustee for the preservation and continuance of the trust, to see to it that such appointee is a fit and proper person in that behalf. Where the proposed new trustee is a corporation it should appear interalia that the corporation is properly equipped, or can and will so equip itself, to carry out the trust; that it has taken proper corporate action, expressing its consent to accept the trust, and that it has the requisite legal capacity and qualification. In the instant case all these appear. Some doubt arose originally upon the score of legal capacity, since the Y.W.C.A. was incorporated "for the spiritual, intellectual, social and physical development of young women," which, as will be observed, varies considerably from the objects and purposes of the B.R.A.S. (and, therefore, of the objects and purposes of its trust) hereinbefore recited. The provisions of the statute enacted by the legislature (P.L. *Page 420 1905 ch. 213 p. 384), however, seem sufficiently broad and comprehensive to set all such doubt at rest.
By that act every corporation of this state organized for religious, educational, charitable or benevolent purposes (the Y.W.C.A. comes within this category) under any statute of this state, general, special or private, is authorized and empowered to take and hold in trust for any religious, educational, charitable or benevolent purposes whatsoever, such property as may be conveyed to it for any of such purposes.
No detailed accounting has been submitted by the B.R.A.S. The bill prays that an account may be taken of the trust property. An accounting by a trustee seeking discharge is a natural requisite to such discharge, although such accounting may, of course, be waived by the beneficiary of the trust. The principle applies as well to cases of public or charitable trusts as to private trusts. In the present case the proofs already taken include proofs of a substantial, general nature accounting for the property in the hands of the trustee, and the attorney-general is satisfied with such proofs in that behalf, so that I deem it unnecessary to direct the stating or taking of a formal accounting.
A decree will be advised establishing the trust, discharging the B.R.A.S. as trustee, appointing the Y.W.C.A. as substituted trustee, directing the conveyance and assignment of the trust property from the old to the new trustee to be held and administered by it upon the same religious and charitable trusts, and directing the new trustee to file an inventory in this court in this cause of the property so received by it. The costs of the proceeding are payable out of the corpus of the estate. *Page 421