Appellant, a lot owner in the West Ridgelawn Cemetery, appeals from two orders of the Chancery Division made on March 30, 1949. One dismissed his exceptions to the report of the Special Master which recommended the dismissal of appellant's exceptions to the final report and account of the receiver. The other approved the receiver's final account and discharged him. The receiver was appointed March 25, 1931.
Appellant contends that the court was without authority to approve the final account of the receiver of the cemetery corporation *Page 38 
and to discharge him in the absence of the approval of the Attorney General. He cites as support for this contention R.S.
52:17-2(g) and Bible Readers' Aid Society of Trenton, NewJersey, et al. v. Katzenbach, 97 N.J. Eq. 416.
The cited section of the Revised Statutes which dealt with the duties of the Attorney General was repealed by chapter 20 of the Laws of 1944 which also provided for the creation of the Department of Law, and among other things set forth the powers and duties of the Department. Among the latter, we find this provision in N.J.S.A. 52:17A-4(g): "Attend generally to all legal matters in which the State or any officer, department, board, body, commission or instrumentality of the State government is a party or in which its rights or interests are involved." In the case cited by appellant, the Bible Readers' Aid Society of Trenton and the Young Women's Christian Association of Trenton filed a bill in the Court of Chancery for a decree discharging the former from certain trusts and appointing the latter as substituted trustee to execute and carry on those trusts. The court held that in a suit of this character the Attorney General is a necessary party because the trusts are public ones for charitable purposes and he, representing the public, is charged with the duty of caring for and protecting the same; and that it is immaterial whether the Attorney General is a complainant or a defendant. The court granted the relief sought and made this statement with respect to an accounting by the retiring trustee: "No detailed accounting has been submitted by the B.R.A.S. The bill prays that an account may be taken of the trust property. An accounting by a trustee seeking discharge is a natural requisite to such discharge, although such accounting may, of course, be waived by the beneficiary of the trust. The principle applies as well to cases of public or charitable trusts as to private trusts. In the present case the proofs already taken include proofs of a substantial, general nature accounting for the property in the hands of the trustee, and the Attorney General is satisfied with such proofs in that behalf, so that I deem it unnecessary to direct the stating or taking of a formal accounting." The appellant apparently construes *Page 39 
the quoted language to mean that the Attorney General must approve the trustee's account before he may be discharged. Such a construction is unwarranted.
In Bliss v. Linden Cemetery Association, 81 N.J. Eq. 394, it was held that a trust for the establishment and maintenance of a cemetery is a charitable use and that in a suit against a corporation holding the legal title the Attorney General is a necessary party as a representative of the public.
In the case at bar, the Attorney General was made a party defendant many years ago following the decision of the Court of Errors and Appeals reported in 110 N.J. Eq. 580, and he had notice of the filing of the receiver's final account and of his application for discharge. He made no objection to the allowance of the account or the discharge of the receiver. The latter did all he was required to do and the failure of the Attorney-General to take affirmative action with respect to the receiver's account, either pro or contra, is no ground for reversing the order of the Chancery Division allowing the account and discharging the receiver.
As a further ground, appellant urges the receiver's failure to dispose of the judgment obtained by him against Adam Frank in the amount of $9,335.55. The Court of Chancery made an order to show cause on November 25, 1946, which contained this clause: "Ordered that at the hearing upon the return of this order to show cause, the receiver shall offer for sale to the highest bidder a certain judgment in the amount of $9,335.55 open of record against Adam Frank as decreed by this court in a suit entitled between Alfred L. Kirby, complainant and Adam Frank et al., defendants 85-8." On the return day, the judgment was offered for sale but there was no bid for it even after the receiver solicited a bid of $100. The record discloses that the judgment was regarded and treated as valueless and appellant did not except in the Chancery Division to the failure of the receiver to dispose of the judgment. We are of the opinion that there is no merit to this contention of appellant.
The orders of the Chancery Division will be affirmed. *Page 40